IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE ISRAEL BENITEZ-ROMERO, | § § § | |
| Petitioner, | § § | |
| v. | § § | 1:26-CV-93-RP |
| PAMELA BONDI, *in her official capacity as United States Attorney General*, et al., | § § § § | |
| Respondents. | § § | |

**ORDER**

Before the Court is Petitioner Jose Israel Benitez-Romero's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on January 14, 2026. (Dkt. 1). On January 14, 2026, pursuant to 28 U.S.C. § 2243, the Court ordered Respondents to show cause as to why the petition should not be granted. (Dkt. 5). On January 20, 2026, Respondents Pamela Bondi, Kristi Noem, and Sylvester Ortega[1] (together, "Respondents") timely filed a response in opposition. (Dkt. 7).

In their Response, Respondents concede that "Respondents have considered the Court's prior orders and at this time do not note any material factual differences between them and this case." (Resp., Dkt. 7, at 1). Specifically, Respondents identify two parallel cases previously decided by this Court dealing with questions of mandatory and discretionary detention under 8 U.S.C. §§ 1225(b) and 1226: *Ortega Munoz v. Noem*, No. 1:25-CV-1753-RP, 2025 WL 3218241 (W.D. Tex. Nov. 7, 2025) and *Cardona-Lozano v. Noem*, No. 1:25-CV-1784-RP, 2025 WL 3218244 (W.D. Tex. Nov. 14, 2025). Similarly, "Respondents acknowledge that prior rulings within this District concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case

---

[1] All individual respondents were sued in their official capacities. The Response is filed only on behalf of the federal employees in this action. (Dkt. 7, at 1 n.1).

1

should this Court follow the same legal reasoning in those prior decisions." (Resp., Dkt. 7, at 2). Here, Respondents again cite to the two cases referenced above and admit that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Ortega Munoz v. Noem* and *Cardona-Lozano v. Noem*." (*Id.*).

The Court acknowledges Respondents' request to "incorporate the filings in *Ortega Munoz v. Noem* and *Cardona-Lozano v. Noem* into the record of this habeas action." (*Id.*). The Court will consider those arguments to be raised here and, because Respondents admit that their legal arguments and the factual setting do not materially differ, will respond to those past arguments by reference to the Court's decisions in *Ortega Munoz* and *Cardona-Lozano*. For the reasons identified in those cases, the Court will grant Petitioner's Petition for Writ of Habeas Corpus because his continued detention without bond under 8 U.S.C. § 1225(b) is a violation of the Immigration and Nationality Act ("INA").[2]

Therefore, **IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **GRANTED** as follows.

1. Upon receipt of this order, Respondents shall immediately release Petitioner from custody;

2. Respondents shall release Petitioner under conditions no more restrictive than those in place prior to the detention at issue in this case;

3. As soon as is practicable, and no less than two hours before release, respondents shall notify Petitioner's counsel by email[3] of the exact location and time of Petitioner's release;

---

[2] Having decided the case on the basis of the INA, the Court does not need to reach—and does not reach—the impact of the class action certification and declaratory judgment in *Bautista v. Noem*, No. 5:25-CV-1873 (C.D. Cal. Dec. 18, 2025).

[3] **Javier Maldonado, jmaldonado.law@gmail.com**

4. Respondents are enjoined from further detaining Petitioner under the asserted detention authority, 8 U.S.C. § 1225.

**IT IS FURTHER ORDERED** that Respondents shall provide a status report on **or before January 23, 2026**, detailing their compliance with this Order.

**SIGNED** on January 21, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE